UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JENNIFER KOVALICK,

                Plaintiff,

      vs.

                             **COMPLAINT**

INDEPENDENT HEALTH,
INDEPENDENT HEALTH CORPORATION,
INDEPENDENT HEALTH ASSOCIATION , INC.,
CHRISTOPHER ARNOLD,
AND
RICHARD ARGENTIERI,

                Defendants.

---

Plaintiff Jennifer Kovalick, by and through her attorney, Lindy Korn, Esq., for her complaint against the defendants:

## JURISDICTION AND VENUE

1. This action is brought, in part, pursuant to 42 U.S.C. § 1983, Title VII of the Civil Rights Act of 1964 and 1991 (42 U. S.C. § 2000[e] et. seq.) The Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and as conferred by 42 U.S.C. §1983.

2. Defendants are subject to the jurisdiction of this Court and venue is proper in this District pursuant to 28 U.S.C. § 1391 (b) as the unlawful employment practices alleged herein

1

and acts and omissions giving rise to the claims in this complaint occurred within the Western District of New York.

3. Plaintiff further invokes the pendent and supplemental jurisdiction of the Court herein to decide claims arising under State law including, but not limited to, claims that defendants committed unlawful discriminatory practices relating to employment by denying plaintiff equal terms, conditions and privileges of employment because of sex and religious belief and/or in violation of plaintiff's right to equal treatment and protection of the laws, and her procedural and substantive due process rights, in violation of the New York Constitution, the New York State Human Rights Law (Article 15, Executive Law of the State of New York), claims for the deprivation of plaintiff's contractual rights and privileges and infliction of emotional distress and mental anxiety, and under the laws of the State of New York.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

4. Plaintiff has exhausted administrative remedies prerequisite to bringing this claim as follows:

5. On or about March 18, 2022, Plaintiff filed a complaint of discrimination naming the defendants with the New York State Division of Human Rights. Further, plaintiff's DHR complaint was cross-filed with the Equal Employment Opportunity Commission (EEOC) pursuant to the work-sharing agreement between the two agencies.

6. Plaintiff received a Notice of Right to Sue from the EEOC and has commenced the instant action within the time limits allotted therefor.

7. Subsequently, the EEOC issued Plaintiff a final agency decision, a copy of which is attached as exhibit A.

**PARTIES**

8. Plaintiff Jennifer Kovalick, at all times relevant to this Complaint, is a white, devout christian, female citizen of the United States and a resident of the County of Erie and State of New York. She was at all times relevant herein an employee of Independent Health. Plaintiff is an "Employee" within the meaning of 42 U.S.C. §§ 2000e, et seq., and the Human Rights Law of the State of New York.

9. Defendant, colloquially branded as "Independent Health" is an amalgamation of inter-dependent corporate entities that operate in a publicly-facing manner as one singular operation. The corporate structure is composed of several subsidiary corporations, all with similar names including by not limited to "Independent Health Corporation," "Independent Health Association, Inc." and simply "Independent Health." Notably, the corporate officers, headquarters locations and public-facing brand are shared by each of these entities. However, the defendant has contended, and likely will contend that these entities are separate, with different employees, different business operations, and different assets. This is simply not accurate. For the purposes of this complaint, Independent

3

Health is a family of corporations operating in tandem and for mutual benefit, organized and existing under the laws of the State of New York and at all relevant times has its principal place of business at 511 Farber Lakes Drive, Amherst, New York, 14221. Defendant, the Independent Health is an "Employer" within the meaning of 42 U.S.C. §§ 2000e, et seq., and the Human Rights Law of the State of New York.

10. At all times relevant hereto, Independent Health employed the named individual defendants and the plaintiff herein. Independent Health are by law responsible for the wrongdoing of officers and employees of all entities it controls and does business with and by law are responsible for the direct participation and endorsement of the unconstitutional and unlawful customs, policies, and practices of the individual defendants. Said defendants were also aware, through their officers, legislators, and agents, of the long-standing unlawful customs, policies and practices of the named defendants, and deliberately and/or negligently failed to take action to correct the unlawful customs, policies and practices of the defendants.

11. Defendant Christopher Arnold, at all times relevant to this Complaint, was the duly appointed Director - Sales and Financial Analysis of Independent Health. He was responsible for, among other things, the training, supervision, discipline and conduct of the other employees. He was also responsible, by law, for enforcing the rules and regulations of the United States and the State of New York, and by being truthful and forthright in their correspondences and testimony before a New York State Division of

4

Human Rights investigator, and for insuring that employees of Independent Health obey the laws of the State of New York and the United States. Defendant Arnold is sued in his individual capacity.

12. Defendant Richard Argentieri, at all times relevant to this Complaint, was the duly appointed Senior Vice President and Chief Sales and Marketing Officer of Independent Health[1]. He was responsible for, among other things, the training, supervision, discipline and conduct of the other employees. He was also responsible, by law, for enforcing the rules and regulations of the United States and the State of New York, and by being truthful and forthright in their correspondences and testimony before a New York State Division of Human Rights investigator, and for insuring that employees of Independent Health obey the laws of the State of New York and the United States. Defendant Argentieri is sued in his individual capacity.

13. At all relevant times, the aforesaid defendants are the plaintiff's supervisors at Independent Health and had and utilized the power to make personnel decisions regarding plaintiff's employment. They are responsible for the establishment and perpetuation of the hostile work environment and discriminatory policies, customs,

---

[1] Note, for example, that Argentieri's title refers to him as Senior Vice President and Chief Sales and Marketing Office of Independent Health. It does not refer to any subsidiary or division such as Independent Health Association, Independent Health Corporation, etc. This further demonstrates that Independent Health's assertion that the subsidiaries are not comparatively equal and operate as separate entities is simply a gross mischaracterization and slight of hand that underpins a toxic culture that enables discrimination and disparate treatment.

practices and habits of Independent Health and also aided and abetted the unlawful conduct described herein. The defendants all are equally responsible and legally accountable for the unlawful conduct of each other for failing to intercede and prevent the discriminatory and retaliatory conduct.

14. During all times mentioned in this Complaint, defendants were acting within the scope of their employment and under color of law, that is, under color of the Constitution, statutes, laws, charters, ordinances, rules, regulations, customs, and usages of the United States, and the State of New York. At all times mentioned in this Complaint, defendants acted either individually, jointly, and in concert with each other, or with others.

15. Plaintiff Kovalick is well qualified for her position as a clinical medical professional. She has earned three bachelor's degrees and one master's degree and is also a registered dietitian nutritionist, and certified dietitian nutritionist.

16. Kovalick was hired by Independent Health in 2011 and for the duration of her employment, preformed in an "outstanding" capacity.

17. From 2018 until 2022, Kovalick was repeatedly promised a promotion by her supervisor. Christopher Arnold.

18. When asked about the promised promotion, Arnold would say "We are working on it," and/or "Jen, you are doing an excellent job!" Arnold provided Kovalick excellent annual reviews and quarterly updates stating in writing that a promotion was well deserved and in the works.

19. The promotion never materialized and Kovalick was never offered a promotion.

20. Arnold and Argentieri blamed the lack of promotion on financial issues being experienced by Independent Health.

21. During this time however, other male, and/or younger, and/or non-christian, colleagues were promoted.

## AS AND FOR A FIRST FEDERAL LAW CAUSE OF ACTION PURSUANT TO TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AND THE CIVIL RIGHTS ACT OF 1991

22. Plaintiff re-alleges paragraphs 1 through 21 as set forth above and incorporates this complaint is in all respects based upon past and continuing and ongoing harm and injury caused by the defendants in their discriminatory acts and policies. Such acts and polices are illegally imposed on the plaintiff by the defendants employing and endorsing a policy which treats women as second class citizens and excludes women from certain assignments, positions of visibility, authority, and power, and denies women assignments

7

or transfers which lead to supervisory and management opportunities. Further, denying women access to these assignments leads to lower pay, less job motility, fewer opportunities, and fewer benefits for all women.

23. This complaint is also in all respects based upon past and continuing and ongoing harm and injury caused by the defendants in their racially discriminatory acts and policies. Such acts and polices are illegally imposed on the plaintiff by the defendants employing and endorsing a policy which treats Christian Women as second class citizens and excludes them from certain assignments, positions of visibility, authority, and power, and denies Christian women assignments or transfers which lead to supervisory and management opportunities. Further, denying Christian women access to these assignments leads to lower pay, less job motility, fewer opportunities, and fewer benefits for all women.

24. The defendants routinely assign the plaintiff to unpleasant assignments while excusing male, younger, and other-demonization Christian employees from those same assignments. They also subject Women to stricter guidelines in the use of sick time related to workplace injury, leave, religious exemptions, performance evaluations, promotions, and assignments.

25. The defendants routinely ignore the plaintiff. Argentieri, for example, refuses to respond to any of the plaintiff's e-mails, while he routinely responds to those from the plaintiff's male colleagues.

8

26. Similarly, Arnold has never attended any of the plaintiff's clinical presentations or internal work group meetings, while he has attended those of male colleagues.

27. Similarly, the plaintiff was excluded from a sales company holiday video card that was put together and shot at River Works. This was sent to Independent Health clients. Both of the plaintiff's male counterparts were invited, the plaintiff, a woman, was not.

28. By shifting "assignments" from one subsidiary to another, defendants subjected the plaintiff to higher standards of performance and adherence to rules and regulations while excusing male employees from the same standards of behavior, because the male employees were assigned to a different subsidiary, even though the male employees and defendant shared an office, office equipment, clients, and reported to the same supervisor.

29. By engaging in the foregoing conduct, the defendants have violated plaintiff's rights under Title VII of the Civil Rights Act of 1964 and 1991 (42 U. S.C. Section 2000[e] et. seq.).

30. Plaintiff filed a complaint with the DHR and subsequently received a Right to Sue letter from the EEOC. The plaintiff holds the position of Clinical Account Manager for the defendant Independent Health who is an employer within the meaning of the statute.

9

31. Plaintiff Jennifer Kovalick is a 52-year old, white, christian, female and as such is a member of at least four protected classes. Plaintiff has suffered disparate treatment and other adverse employment action due to her protected class status. Plaintiff has been denied employment opportunities and benefits given to younger, male, and non-christian and other denomination christian employees.

32. By acting as described above, the defendants acted with malice or with reckless disregard for the plaintiff's rights, causing her injuries and entitling her to compensatory and punitive damages.

**AS AND FOR A SECOND FEDERAL LAW CAUSE OF ACTION PURSUANT TO TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AND THE CIVIL RIGHTS ACT OF 1991**

33. Plaintiff re-alleges paragraphs 1 through 32 as set forth above and incorporates them as set forth fully herein.

34. The defendants Arnold and Argentieri and others have created and/or perpetrated a hostile work environment and subjected women to discriminatory and disparate treatment. The acts that constitute and contribute to such a hostile work environment include not including female colleagues in sales events; recognizing male employees' anniversaries and other milestones at the workplace and in the presence of the plaintiff and others; but refusing to do the same for some female employees; treating women as beneath dignity; and subjecting women to excessive scrutiny.

35. By engaging in the foregoing conduct, the defendants have violated plaintiff's rights under Title VII of the Civil Rights Act of 1964 and 1991 (42 U. S.C. Section 2000[e] et. seq.).

36. By acting as described above, the defendants acted with malice or with reckless disregard for the plaintiff's rights, causing her injuries and entitling her to compensatory and punitive damages.

## AS AND FOR A THIRD FEDERAL LAW CAUSE OF ACTION PURSUANT TO TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AND THE CIVIL RIGHTS ACT OF 1991

37. Plaintiff re-alleges paragraphs 1 through 36 as set forth above and incorporates them as set forth fully herein.

38. The plaintiff was subjected to retaliation for complaints of discrimination and a hostile work environment.

39. The plaintiff was treated different from other denomination-Christian, male, and younger employees with regard to COVID vaccination exemptions.

40. The defendants failed to advise the plaintiff and others of the existence of the salient policy within Independent Health.

11

41. When plaintiff learned others were being given exemptions, but she was not, she brought her complaints forward. Plaintiff was questioned whether she wanted to pursue it and was threatened with job termination.

42. Shortly after, Arnold indicated that the reason for delay for both the promotion and religious exemption was due to the recent federal contractor mandate and Kovalick's request for religious exemption for the COVID vaccine. In this conversation, Arnold indicated that HR had placed a hold on Kovalick's promotion until Independent Health came to a determination about Kovalick's vaccination status.

43. Moreover, any prospects of advancement or promotion have subsequently vanished after the plaintiff complained.

44. The plaintiff was subjected to retaliation for complaints of discrimination and a hostile work environment. Arnold stopped inviting plaintiff to work sponsored events at her workplace and in the field and referred to her poorly to other persons at the workplace. The defendants also subjected the plaintiff to retaliatory criticism and abuse of power and authority, including, eavesdropping on plaintiff's digital communications, finding fault, assigning additional duties without compensation, withholding promotion and advancement, denial of privileges afforded to others, and criticizing plaintiff's use of sick time or work performance.

12

45. The plaintiff's male counterpart, who is not outwardly religious and does not wear any religious symbols to work, was quickly granted a religious exemption from the COVID vaccine, while the plaintiff was not and was called upon to justify her reasoning in ways that her male counterparts were not.

46. By engaging in the foregoing conduct, the defendants have violated plaintiff's rights under Title VII of the Civil Rights Act of 1964 and 1991 (42 U. S.C. Section 2000[e] et. seq.). 40. By acting as described above, the defendants acted with malice or with reckless disregard for the plaintiff's rights, causing her injuries and entitling her to compensatory and punitive damages.

**AS AND FOR A FOURTH STATE LAW CAUSE OF ACTION PURSUANT TO THE HUMAN RIGHTS LAW OF THE STATE OF NEW YORK**

47. Plaintiff re-alleges paragraphs 1 through 46 as set forth above and incorporates them as set forth fully herein.

48. The actions and conduct of defendants as alleged in the foregoing causes of action herein constitute unlawful discriminatory practices in violation of Article 15 of the Executive Law of the State of New York, "The Human Rights Law," including but not limited to Section 296 therein in that the said defendants by reason of their actions and/or failures to act as more specifically set forth above, discriminated against plaintiff in the terms, conditions, privileges and compensation of her employment because of plaintiff's race and

13

because she is a minority and discriminated against plaintiff by reason of her race and/or national origin because plaintiff opposed discriminatory practices forbidden under the Human Rights Law.

49. Because of these illegal and discriminatory acts, practices and policies of defendants, plaintiff has been damaged by said defendants in the manner set forth above.

## AS AND FOR A FIFTH STATE LAW CAUSE OF ACTION

53. Plaintiff re-alleges paragraphs 1 through 52 as set forth above and incorporates them as set forth fully herein.

54. Plaintiff is an employee and as such is protected by an implied contract in effect entered into by Independent Health with its employees. Such contract provides for the fair and equal treatment in matters of pay and terms of employment including discipline and sanctions for misconduct of employees without regard to gender, race, age, or other classification. In her position the plaintiff has always performed her duties in a fully competent and professional manner and received positive evaluations during her employment.

55. The defendants have discriminated against the plaintiff and subjected her to unequal treatment on account of her gender and Minority status in breach of the contract.

14

56. The defendants acted with discriminatory animus, malice, and/or with reckless disregard for plaintiff's rights, causing her injuries and entitling her to compensatory and punitive damages.

## AS AND FOR AN SIXTH AND SEVENTH STATE LAW CAUSE OF ACTION

57. Plaintiff re-alleges paragraphs 1 through 56 as set forth above and incorporates them as set forth fully herein.

58. The actions and conduct of the defendants enumerated above constitute intentional infliction of emotional stress and mental anxiety, negligence and gross negligence under the laws of the State of New York and this Court has pendent jurisdiction to hear and adjudicate such claims.

59. The Plaintiff has been injured and harmed by the actions and conduct of the defendants and she is entitled to compensatory and punitive damages therefor.

## PRAYER FOR RELIEF

**WHEREFORE**, As a result of Defendants' actions, Ms. Kovalick experienced loss of income, fear, anxiety, severe humiliation, shame, embarrassment, emotional pain and suffering, loss of savings, and loss of enjoyment of life. Plaintiff prays that this Court enter judgment against the defendants as follows:

15

(a) for each Cause of Action, ordering the defendants to pay the plaintiff ONE MILLION dollars;

(b) for each Cause of Action, granting the following injunctive relief:

1. Require the defendants to review and correct all discriminatory treatment and conduct within Independent Health;

2. Provide equal opportunities, terms, benefits, and pay to women employees across Independent Health;

3. Mandate training and educational programs for employees about discrimination and gender equity;

4. Require annual reports demonstrating efforts and success at compliance in providing a discrimination-free workplace; and

(c) interest on all amounts due;

(d) attorney's fees under Title VII and 42 U.S.C. Section 1988;

(e) declaratory relief that the defendants have violated the plaintiff's rights under the law;

(f) punitive damages;

(g) granting such other and further relief as the Court may deem proper.

## JURY DEMAND

Pursuant to Rule 38(b) Fed. R. Civ. P., Plaintiff hereby demands a trial by jury for all issues triable of right by a jury in this case.

Dated: March 20, 2023
      Buffalo, New York


Respectfully submitted,
Plaintiff Mrs. Jennifer Kovalick by her Attorneys

THE LAW OFFICE OF LINDY KORN PLLC




Lindy Korn, Esq.
*Attorney for Plaintiff*
Electric Tower
535 Washington Street, Ninth Floor
Buffalo, New York 14203
Telephone: (716) 856-5676
Facsimile: (716) 507-8475
lkorn@lkorn-law.com

17

**JENNIFER KOVALICK**, being duly sworn, deposes and says: that she is the complainant herein; that she has read (or had read to her) the foregoing complaint and knows the content thereof; that the same is true of her own knowledge except as to the matters therein stated on information and belief; and that as to those matters, she believes the same to be true.

_____
JENNIFER KOVALICK

Sworn before me this

20 day of MARCH , 2023

_____
Notary Public, State of New York
Qualified in Erie County

My Commission Expires 6/30/2023

LINDY SUE KORN
Notary Public, State of New York
Registration #02KO4700780
Qualified In Erie County
Commission Expires June 30, 20 23

18